Rector v. Red Willow County.

―――――――――

MARY A. RECTOR, ADMINISTRATRIX, APPELLANT, V. RED WILLOW COUNTY, APPELLEE.

FILED JUNE 26, 1913. No. 17,138.

1. Appeal: DAMAGES. Where the evidence is conflicting as to the damages to a farm by reason of the establishment of a highway, and the amount of recovery is consistent with the testimony ʌ the part of the county, the verdict will not be disturbed merely on account of the smallness of damages.

2. ―――――: MISCONDUCT OF ATTORNEY. While it is improper for counsel to state to the jury the amount of damages allowed by the county board, held that the circumstances set forth in the opinion did not injuriously affect the substantial rights of the plaintiff.

3. Highways: ESTABLISHMENT: DAMAGES: EVIDENCE. A proposed road divided a pasture into two tracts, one of which was thus cut off from a supply of water for the cattle. No agreement was shown between the county authorities and the landowner for a connecting runway, and it was shown that a new water supply would cost several hundred dollars. The amount of the verdict indicates that no allowance was made for a new water supply. At the trial the county was permitted to show that a bridge could be constructed by it so as to allow a sufficient runway. Held prejudicial error.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. Affirmed on condition.

C. E. Eldred, for appellant.

Ritchie & Wolff and W. M. Somerville, contra.

LETTON, J.

This case originated in an appeal by the plaintiff from the damages awarded him by the county board for the appropriation of part of his farm for a public highway, and for incidental damages to the remainder of the tract. He claimed damages in the sum of $1,250. In the district court the jury fixed the damages suffered at $385, and judgment was rendered accordingly. From this judgment he appeals.

The road established runs through a portion of plaintiff's farm and takes 13 acres of his land. It divides his cultivated land and cuts his pasture into two tracts, necessitating new fences; and the water supply in the pasture, when the road is opened, will all be on one side of the road, so that other provisions must be made for watering stock in the portion cut off. The plaintiff complains that the judgment and verdict are contrary to law, to the evidence, and the instructions of the court, and that the damages are too small. He complains, further, of irregularity on the part of defendant's counsel in stating in the hearing of the jury the amount of damages allowed by the county board, and that there was error in permitting the introduction of testimony showing that a bridge could be erected and used as a runway for plaintiff's cattle from one portion of his pasture to the other. The plaintiff's witnesses value the land taken at from $35 to $40 an acre, while those for the defendant place the value at from $17 to $25 an acre. There is evidence, therefore, to sustain a finding as to this item as low as $221, and as high as $520. Plaintiff's witnesses estimate the entire depreciation in value of the farm at from $2,000 to $2,500, while the testimony on behalf of the defendant, while meager, indicates that the value of the whole farm, except for the value of the land taken, would be affected but little. Plaintiff testified fully as to the necessity for and the cost of new fences, and of a new water supply.

As to the general assignments of error, we think they

cannot be sustained. There was a conflict of evidence, which was submitted to a jury of the vicinage, and there seems to be no reason to disturb the verdict for lack of evidence to support it.

The complaint is made that the court erred in allowing counsel to state the amount of damages allowed by the county authorities. This does not seem to us to be of much consequence. Counsel said: "Defendant now offers in evidence the remainder of page 130 of record No. 4, commencing with the words, 'claim for damages,' and ending with the words, 'allowed by the board, $315,' which has been identified by the reporter as defendant's exhibit A. Plaintiff objects, as incompetent, improper, and prejudicial to plaintiff, and asks the court to admonish the jury to disregard the remarks of the attorney. The court: They are only making an offer. Plaintiff excepts. The court: The objection is sustained at this time. Defendant excepts." The record of the commissioners' proceedings showing the amount of damages claimed and allowed was then offered in evidence, but was excluded. Two of the county commissioners were witnesses, and testified to a low estimate of the value of plaintiff's land and of his damages. We think the substantial rights of the plaintiff were not injuriously affected by the ruling of the court, and cannot reverse the case for this reason.

The point to which most of the argument in the case was directed, and as to which the court is most in doubt, remains to be considered. After the plaintiff had testified that it would cost $300 to provide a water supply for that portion of the pasture cut off by the road, the following cross-examination took place: "Q. If a bridge was put in, it could be used as a runway, could it not? Plaintiff objects to this question as calling for a conclusion. Objection overruled. Plaintiff excepts. A. If it was allowed by law. Q. You have asked for one, have you not? Plaintiff objects to this question as immaterial and improper cross-examination. Objection overruled. Plaintiff excepts. A. Yes; I asked for one. Q. And if it were put in and you

used it, it would do away with the necessity of a pumping plant, would it not? Plaintiff objects to this question as immaterial, incompetent, and improper cross-examination. Objection overruled. Plaintiff excepts. A. Yes; it would." F. S. Lofton, one of the county commissioners, testified as to the road dividing the pasture, as follows: "As you go down the road there, that is quite a steep bank, probably 14 feet down on the west side; the other side is not so high, probably 6 or 8 feet; it will require a bridge probably 8 or 10 feet high, and it will have to be graded." "Q. This bridge that you mention, would that be sufficiently high enough to afford a runway for his stock? Plaintiff objects to this question as immaterial, incompetent under the issues joined in this case, and no foundation laid for its admission. Objection overruled. Plaintiff excepts. A. Yes, sir. Q. Have you agreed upon a plan in regard to this bridge? A. Yes; we have talked it over. Q. But you haven't agreed upon any plan, as yet? A. No, sir. Q. There is nothing to prevent the commissioners from changing their minds about it? A. No, sir." It seems evident that the damages were assessed at the amount named in the verdict on account of the jury taking the view that no new water supply would be required in consequence of the bridge furnishing a runway for the cattle. The court instructed the jury (after telling them that plaintiff was entitled to the value of the land taken) to ascertain the difference in the value of the land not taken, before and after the establishment of the road, and that in this connection "you should take into consideration the expense of constructing and maintaining fences required by the establishment of the road, if any; the fact that the plaintiff's pasture has been cut in two and a portion thereof cut off from the buildings and the water supply; the expense of procuring and maintaining a water supply for that portion of the pasture so cut off; the fact the cultivated land had been divided into separate tracts; the inconvenience of the dividing of said lands, if any—in other words, you should consider every element of damages, if any, arising out of

the establishment of the road you find established, by the evidence, if any."

It is insisted by plaintiff that the introduction of this evidence was prejudicially erroneous. There is no doubt that he is correct, unless the county is bound to erect and maintain a sufficient runway for his cattle from one pasture to the other. It is probable that under the facts developed here the county could be compelled to furnish and maintain such runway if the judgment of the district court is affirmed. Since, however, it is in the interest of all parties that there be an end to this litigation, we have concluded to reverse the judgment, unless by October 1, 1913, the county authorities erect a bridge of sufficient height and width to furnish a reasonable and proper passageway for plaintiff's live stock at the point where the road crosses the ravine in the pasture.

If such bridge is erected by October 1, 1913, and proof of the fact is made to the judge of the district court within ten days thereafter, the judgment of the district court will stand affirmed; otherwise the judgment will stand reversed.

AFFIRMED ON CONDITION.

ROSE, FAWCETT and HAMER, JJ., not sitting.